# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 4:15-CR-248** |
| : | |
| v.  : | (Judge Conner) |
| : | |
| **ROBERT CORMIER,** : | |
| : | |
| **Defendant** : | |

## MEMORANDUM

The court sentenced defendant Robert Cormier to a statutory mandatory minimum term of 180 months' imprisonment after he pled guilty to possession of a firearm by a convicted felon. Cormier now moves the court *pro se* to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The court will deny Cormier's motion.

**I.    Factual Background & Procedural History**[1]

On October 22, 2015, a federal grand jury returned an indictment charging Cormier with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) and the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Cormier appeared before a United States magistrate judge on October 29, 2015 and entered a plea of not guilty. The court appointed assistant federal public defender D. Toni Byrd, Esquire, as Cormier's counsel.

---

[1] This section is based on the current record, including the official transcript from Cormier's guilty plea hearing, as well as the presentence investigation report. After filing the instant motion, Cormier filed a motion for leave to supplement the record to include his sworn affidavit, which he inadvertently omitted from his initial filing. We will grant that motion and consider Cormier's sworn affidavit herein. (See Doc. 121 at 3-7 ("Cormier Aff.")).

Cormier appeared before this court and pled guilty to the indictment without a written plea agreement on March 18, 2016. The court conducted an extensive colloquy with Cormier to assess the knowingness and voluntariness of his plea. (See generally Doc. 64). Of particular relevance to the instant motion, the court and counsel thoroughly explored Cormier's sentencing exposure. (See id. at 7:16-9:1). Counsel for the government explained that a conviction under Section 922(g) typically carries a maximum sentence of 10 years' imprisonment, but that if the court were to find Cormier to be an armed career criminal as charged in the indictment, the maximum sentence would be life imprisonment, with a mandatory minimum term of 15 years. (See id. at 7:16-8:9). Attorney Byrd noted the defense would be disputing whether the ACCA applied, (see id. at 8:10-15), so the court asked Cormier to confirm he understood the significance of the ACCA charge:

> Q: All right. But nevertheless do you understand that those are the penalties that you're facing?
>
> A: Yes.
>
> Q: All right. So we're talking about a mandatory minimum of fifteen years. You understand that if your attorney's arguments are not successful[,] you're certainly at least potentially facing a minimum term of fifteen years?
>
> A: Yes.
>
> Q: And a maximum term of life?
>
> A: Yes.

(See id. at 8:17-9:1). The court also ensured Cormier understood that an error by his counsel in estimating his sentencing exposure would not be a basis to withdraw his guilty plea, and Cormier confirmed he understood:

> Q: If Ms. Byrd or any else has estimated your guideline sentencing range at this time and I determine after I look at the presentence report that the guideline is different from what has been estimated to you, you cannot withdraw your guilty plea. Do you understand that?
>
> A: Yes.

(See id. at 11:5-10). Cormier further acknowledged that "no one can guarantee [him] what sentence [he] will get from" the court. (See id. at 6:23-25).

The government then proffered the factual basis for the Section 922(g) plea, before outlining the prior convictions it believed supported both the plea and the ACCA enhancement. (See id. at 13:4-17:17). Specifically, the government identified prior Pennsylvania convictions for robbery, carrying a firearm without a license, endangering the welfare of a child, conspiracy to possess with intent to deliver controlled substances, and three convictions for possession with intent to deliver controlled substances. (See id. at 17:3-17). Although Cormier objected to parts of the factual basis of the Section 922(g) plea going to the issue of knowing possession, he disputed neither the accuracy nor the existence of the prior convictions listed by the government. (See id. at 17:23-20:11, 21:10-23:7). The court and the parties agreed that Cormier's winnowed admission still established the requisite factual basis for a Section 922(g) offense. (See id. at 19:24-20:11, 22:22-23:7). The court

accepted Cormier's guilty plea and ordered preparation of a presentence report. (See id. at 20:19-21:4, 23:4-7).

The probation office prepared a presentence report which concluded, *inter alia*, that Cormier is an armed career criminal subject to the enhanced penalties of the ACCA. (See Doc. 30 ¶ 28). A month after the report was docketed, Cormier filed a *pro se* letter with the court expressing concern and confusion regarding his armed career criminal designation. (See Doc. 38). Cormier alleged that Attorney Byrd had provided erroneous advice about the applicability of the ACCA, and, in a responsive letter, Attorney Byrd conceded she had in fact initially erred in advising Cormier. (See id.; Doc. 41). The court permitted Attorney Byrd to withdraw and appointed Michael Morrone, Esquire, to represent Cormier.

Attorney Morrone promptly filed a motion to withdraw Cormier's guilty plea, and the court convened a hearing to address the motion. During the hearing, Cormier testified to the contents of his letter and explained his reasons for wishing to withdraw his plea. (See generally Doc. 91). We denied Cormier's motion by memorandum and order of May 24, 2017, finding that our extensive Rule 11 plea colloquy concerning Cormier's potential ACCA sentencing exposure cured any prejudice flowing from Attorney Byrd's incorrect advice and rejecting Cormier's assertion that counsel's error rendered his guilty plea involuntary. (See Doc. 65 at 15-19). The court thereafter sentenced Cormier to the mandatory minimum term of 180 months' imprisonment.

Cormier appealed our denial of his motion to withdraw his guilty plea, and the Third Circuit Court of Appeals affirmed. See United States v. Cormier, 758 F.

App'x 269, 273-76 (3d Cir. 2018) (nonprecedential). Cormier then timely filed the instant Section 2255 motion, revisiting the ineffective-assistance issue and also invoking the United States Supreme Court's recent decision in Rehaif v. United States, 588 U.S. ___, 139 S. Ct. 2191 (2019). We appointed counsel to investigate Cormier's potential Rehaif claim; counsel later withdrew after indicating he did not believe Cormier was a Rehaif candidate. The court thereafter established a briefing schedule, and Cormier's motion is now ripe for disposition.

## II. Legal Standards

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. 28 U.S.C. § 2255. Courts may afford relief under Section 2255 on a number of grounds including, *inter alia*, "that the sentence was imposed in violation of the Constitution or the laws of the United States." See 28 U.S.C. § 2255(a); see also 28 U.S.C. § 2255 Rule 1(a). The statute provides that, as a remedy for an unlawfully imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." See 28 U.S.C. § 2255(b). The court accepts the truth of the defendant's allegations when reviewing a Section 2255 motion unless those allegations are "clearly frivolous based on the existing record." See United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005). A court is required to hold an evidentiary hearing when the motion "allege[s] any facts warranting § 2255 relief that are not clearly resolved by the record." See United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (quoting Booth, 432 F.3d at 546).

A collateral attack based on ineffective assistance of counsel is governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on such a claim, a defendant must demonstrate that (1) counsel's representation fell below an objective level of reasonableness based on prevailing professional norms, and (2) the deficient representation was prejudicial. See Strickland, 466 U.S. at 687-88. The defendant bears the burden of proving both prongs. See id. at 687.

To determine whether counsel has satisfied the objective standard of reasonableness under the first prong, courts must be "highly deferential" toward counsel's conduct. See id. at 689. There is a strong presumption that counsel's performance falls within the broad range of reasonable professional assistance. See United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989). Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance." Id. at 711 (citing Strickland, 466 U.S. at 689-90). Counsel will not be deemed ineffective for failing to raise a meritless motion. See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999). To satisfy the prejudice prong, the defendant must establish a reasonable probability that, but for counsel's errors, the outcome of the proceeding "would have been different." Strickland, 466 U.S. at 694. The district court need not conduct its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing in one. See id. at 697; United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).

### III.   Discussion

Cormier's motion raises two groups of issues, the first pertaining to Attorney Byrd's erroneous advice concerning Cormier's sentencing exposure, and the second pertaining to Cormier's view that his Section 922(g) conviction is unconstitutional in light of the Supreme Court's decision in Rehaif.[2]  We address these issues *seriatim*.

### A.   Guilty Plea & ACCA Advice

Cormier contends Attorney Byrd rendered ineffective assistance of counsel when she advised him during plea negotiations that she did not believe he would qualify as an armed career criminal subject to the ACCA's enhanced penalty. (See Doc. 100 at 8).  Cormier avers he would not have pled guilty but for this advice.[3]

---

[2] Cormier styles his motion as asserting four grounds for Section 2255 relief: Ground One, entitled "Supreme Court decision in Rehaif v. United States April 23, 2019, Argued; June 21, 2019 decided"; Ground Two, entitled "Motion to withdraw his guilty plea"; Ground Three, entitled "Actual Innocence"; and Ground Four, entitled "Ineffective Assistance of Counsel (Misrepresented Material Facts)." (See Doc. 100 at 4-8).  Cormier's various legal theories are not well articulated, and it appears several of the grounds overlap.  In light of Cormier's *pro se* status, we have liberally interpreted Cormier's filing as raising the claims explored herein.

[3] Cormier's motion asserts in conclusory fashion that Attorney Byrd was "ineffective in plea negotiation process." (See Doc. 100 at 8).  Cormier clarifies his concern in his reply brief, explaining his ineffective-assistance claim targets Attorney Byrd's erroneous advice "as to his true guideline sentencing exposure" and her assurances to him that he would receive a sentence in the range of five to seven years, not the ACCA mandatory minimum term of 15 years. (See Doc. 122 at 7-8; see also Cormier Aff. ¶ 5).  Hence, we construe Cormier's motion as asserting a claim of ineffective assistance of counsel with respect to his guilty plea solely as to the ACCA enhancement issue.  To the extent Cormier intended to challenge any other aspect of the plea-negotiation process, his motion and reply brief fail to flesh out that challenge.  We therefore limit our consideration of this ineffective-assistance claim to the ACCA issue.  See United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (stating "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court" (citing United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988))).

7

(See id.)  He also suggests, for the same reason, that his guilty plea was involuntary.  (See id. at 5).

A district court cannot consider issues that have been resolved on direct appeal by way of subsequent collateral review.  See United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) (citing United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993)).  On direct appeal in this case, the court squarely considered Cormier's claim that "his guilty plea was involuntary due to prior counsel's erroneous advice regarding the applicability of ACCA to his conviction."  See Cormier, 758 F. App'x at 275.  The court rejected Cormier's argument and held in no uncertain terms that, given this court's "thorough and searching inquiry" during the Rule 11 colloquy, "Cormier's plea was, by all accounts, knowing, voluntary, and intelligent."  See id. at 276.  The court of appeals even made a point of noting that, while ineffective-assistance claims typically cannot be raised on direct appeal, Cormier's allegation was fully developed during a hearing before this court, creating an adequate record for the appellate court to assess the claim.  See id. at 275 n.2 (citing United States v. Jones, 336 F.3d 245, 254 (3d Cir. 2003)).

Assuming *arguendo* that Cormier's direct appeal did not bar his claim pertaining to his guilty plea, we would nonetheless reject it on its merits.  The standard for ineffective assistance of counsel on Section 2255 review is the same as the standard for determining whether ineffective assistance supports withdrawal of a guilty plea: we must consider whether counsel's performance was deficient under prevailing professional norms and whether Cormier was prejudiced as a result.  See Strickland, 466 U.S. at 687-88 (motion under Section 2255); Jones, 336 F.3d at 253-54

8

(motion to withdraw guilty plea). We have already concluded, as has the court of appeals, that even if Attorney Byrd's performance was professionally unreasonable, any prejudice that may have flowed from her advice was cured by our Rule 11 plea colloquy, during which we emphasized to Cormier that he was facing a potential mandatory minimum term of 15 years' imprisonment under the ACCA, and that he would not be permitted to withdraw his plea even if Attorney Byrd's estimates were wrong or her arguments concerning the ACCA were unsuccessful. (See Doc. 65 at 16); see also Cormier, 758 F. App'x at 275-76. We also concluded, as did the court of appeals, that our comprehensive colloquy defeated Cormier's claim that his guilty plea was involuntary. (See Doc. 65 at 16-19); see also Cormier, 758 F. App'x at 276. Those findings apply equally to defeat Cormier's Section 2255 claims raising the same arguments. Accordingly, we will deny Cormier's motion to the extent he asserts claims of ineffective assistance or involuntariness as to his guilty plea.

### B. Rehaif Claim

Cormier also seeks relief based on the United States Supreme Court's decision in Rehaif v. United States, 588 U.S. ___, 139 S. Ct. 2191 (2019). Cormier contends that his Section 922(g) conviction is unconstitutional following Rehaif because the government failed to prove Cormier knew his status as a convicted felon made it unlawful for him to possess a firearm. (See Doc. 100 at 4; Doc. 122 at 1-4). The government argues any Rehaif claim is procedurally defaulted. (See Doc. 118 at 14-18).

In Rehaif, the Supreme Court clarified the *mens rea* necessary for a defendant to knowingly violate Section 922(g). See Rehaif, 139 S. Ct. at 2194. The

9

Court held that the word "knowingly" applies to both the defendant's conduct and the defendant's relevant status. See id. Thus, for the defendant to be convicted, the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." See id. In other words, "[i]n felon-in-possession cases after Rehaif, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm." See Greer v. United States, 593 U.S. ___, 141 S. Ct. 2090, 2095 (2021) (citing Rehaif, 139 S. Ct. at 2199-2200).

Generally, a Section 2255 motion cannot serve as a substitute for an appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). When a defendant fails to raise a claim on direct appeal, he "procedurally defaults" the claim for purposes of collateral review. See Hodge v. United States, 554 F.3d 372, 378-79 (3d Cir. 2009) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). A defendant may overcome default in two ways: by showing "'cause and actual prejudice'" should the default be given preclusive effect, or by demonstrating "he is 'actually innocent.'" See Bousley, 523 U.S. at 622 (quoting Murray v. Carrier, 477 U.S. 478, 489, 496 (1986)). Unless a defendant overcomes procedural default, the court will not consider his claims. See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). We read Cormier's motion and briefing to invoke both exceptions. (See Doc. 100 at 6-7).

To show cause adequate to overcome procedural default, a defendant must establish that an "objective factor external to the defense" prevented him from advancing the claim at a procedurally appropriate time. See United States

v. Pelullo, 399 F.3d 197, 223 (3d Cir. 2005) (quoting McCleskey v. Zant, 499 U.S. 467, 493 (1991)). A defendant can establish cause by demonstrating prior counsel was ineffective in failing to raise the issue at trial or on appeal, see Murray v. Carrier, 477 U.S. 478, 488 (1986); Pelullo, 399 F.3d at 223 (quoting Wise v. Fulcomer, 958 F.2d 30, 34 n.9 (3d Cir. 1992)), and Cormier appears to be proceeding at least in part on this basis, challenging the effectiveness of both of his trial court attorneys as well as appellate counsel for failing to raise a Rehaif issue, (see Doc. 121 at 4-6). Even if we assume ineffectiveness *arguendo*, however, Cormier has failed to demonstrate prejudice. And for the same reasons, Cormier has also failed to demonstrate actual innocence.

To establish prejudice sufficient to overcome a procedural default, Cormier must show the challenged error was to his "actual and substantial disadvantage." See United States v. Mannino, 212 F.3d 835, 845 (3d Cir. 2000) (quoting Frady, 456 U.S. at 170). The mere "*possibility* of prejudice" is not enough. See Frady, 456 U.S. at 170; Werts v. Vaughn, 228 F.3d 178, 193 (3d Cir. 2000) (quoting Murray, 477 U.S. at 494). The Supreme Court has explained that this standard essentially requires a showing that the defendant "was denied 'fundamental fairness'" as a result of the error. See Murray, 477 U.S. at 494; Werts, 228 F.3d at 193 (quoting Murray, 477 U.S. at 494).

The burden of establishing actual innocence is even higher. See Werts, 228 F.3d at 193 (noting exception applies "only in extraordinary cases"). To invoke the actual-innocence exception, Cormier must show "the constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually

11

innocent.'" See Bousley, 523 U.S. at 623 (quoting Murray, 477 U.S. at 496). This standard requires Cormier to demonstrate, in light of all the evidence, that "it is more likely than not that no reasonable juror would have convicted him." See id. (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). The term "'actual innocence' means factual innocence, not mere legal insufficiency." See id. at 623-24 (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)).

Cormier's prejudice and innocence arguments overlap: he maintains that he did not know his status as a felon prohibited him from possessing a firearm, that Rehaif requires the government to prove such knowledge to sustain a Section 922(g) conviction, and that he would not have pled guilty, and would have won at trial, had his counsel recognized and pursued a Rehaif claim. (See Doc. 122 at 1-4; see also Doc. 100 at 8). Fatal to his present arguments, we note that Cormier specifically conceded, through counsel, during the guilty plea hearing that he *did* know he was not legally allowed to possess firearms. (See Doc. 64 at 22:5-6 ("[H]e did know he wasn't allowed to have a gun.")). Although Cormier disputed several facts set forth by the government and his counsel during the guilty plea hearing, (see, e.g., id. at 17:23-19:4, 21:10-19), he never disputed his counsel's statement that he knew he was legally barred from possessing a firearm.

Moreover, Cormier misunderstands Rehaif. The Supreme Court in Rehaif did not conclude, as Cormier argues, that the government must prove the Section 922(g) defendant "clearly knew that he/she could not possess a firearm" as a result of a prior felony conviction. (See Doc. 122 at 2). The Court held only that the government must prove the defendant knew of his relevant status—in Cormier's

12

case, his status as a convicted felon—when he possessed the firearm. See Greer, 141 S. Ct. at 2095 (citing Rehaif, 139 S. Ct. at 2199-2200). The government is not required to prove that the defendant "*knew* he could not legally possess a firearm." See United States v. Boyd, 999 F.3d 171, 182 (3d Cir. 2021) (emphasis added) (citing Rehaif, 139 S. Ct. at 2198; United States v. Kaspereit, 994 F.3d 1202, 1208 (10th Cir. 2021); United States v. Maez, 960 F.3d 949, 955 (7th Cir. 2020); United States v. Bowens, 938 F.3d 790, 797 (6th Cir. 2019)); see also Higdon v. Finley, No. 1:20-CV-221, 2021 WL 4819308, at *3 n.1 (M.D. Pa. Oct. 15, 2021) (Conner, J.) (collecting cases), appeal filed, No. 22-1050 (3d Cir.).

Cormier does not deny that he knew he was a felon at the time he possessed the subject firearm. See Greer, 141 S. Ct. at 2097 (noting "if a person is a felon, he ordinarily knows he is a felon"); cf. United States v. Hisey, 12 F.4th 1231, 1236 (10th Cir. 2021) (defendant overcame procedural default because "past conviction had not been punishable with any prison time"). Indeed, Cormier effectively concedes in his various filings that he *did* know he was a felon; he simply argues, incorrectly,

13

that this knowledge does not satisfy Rehaif.[4]  As we have explained, Cormier is wrong.  Absent any evidence or argument that Cormier was unaware of his status as a felon at the time he possessed the firearm in this case, he falls well short of the high bar necessary to overcome procedural default on both cause-and-prejudice

---

[4] (See, e.g., Doc. 122 at 1 (asserting "simply because the Defendant (Cromier) was aware of his prior state convictions" and "may have known that his prior state convictions were punishable by more than a year in prison" does not prove he "knew that he was prohibited from possessing a firearm thereafter"); id. at 2 (asserting "simply because a defendant may have knowledge of his/her prior conviction does not necessarily connote, prove, or lead to an indisputable conclusion that the defendant also knew that he/she was prohibited from future possession of a firearm"); id. (making same argument and contending "knowledge that the prior conviction(s) were punishable by more than one year in prison" is not sufficient); id. at 2-3 ("[T]here is no indisputable evidence, whatsoever, that the Defendant, Robert Cromier[,] knew that he was barred from possessing a firearm after his prior convictions were recorded."); id. at 3 (acknowledging "robbery and narcotics violations, as was the Defendant's actual prior state convictions, which naturally punish more than a year in prison"); Cormier Aff. ¶ 1 ("I did not know, prior to being arrested federally, that I was barred from possessing a firearm as a result of my state, prior convictions.  And that specifically, because the prior convictions were punishable by more than one year in prison, as opposed to a prison sentence of less than a year, it triggered the federal felon in possession statute."); id. ¶ 3 (averring no judge or other person "in the prior state conviction proceedings informed me that, as a result of convictions carrying a penalty of more than on[e] year in prison, my constitutional right to bear arms was then and there forfeited, either of, or both, federally and state"); id. ¶ 4 ("However, had I know[n] that there was a knowledge requirement (*mens rea*) with respect to being aware of the prohibited status, in addition to the prior convictions, I would not have entered a guilty plea.")).

and actual-innocence grounds.[5] We will therefore deny Cormier's Section 2255 motion to the extent it is premised on Rehaif.

## IV. Conclusion

For the reasons set forth herein, we will deny Cormier's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. We will also deny a certificate of appealability, because Cormier has not "made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    June 21, 2022

---

[5] Cormier styles his "actual innocence" argument as a separate ground for Section 2255 relief. (See Doc. 100 at 6-7 ("Ground Three: Actual Innocence")). It is clear from the argument raised thereunder that Cormier intended this reference not as a freestanding ground for Section 2255 relief but as a preemptive response to the government's argument that his claims are procedurally defaulted. (See id. ("Petitioner demonstrated facts that he was actual innocent in order to establish 'cause' for procedural default.")). We nonetheless note that, to the extent Cormier is attempting to assert a freestanding "actual innocence" claim, the Supreme Court has not yet decided whether such a claim is cognizable under Section 2255. See McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Herrera v. Collins, 506 U.S. 390, 404-05 (1993)); Reeves v. Fayette SCI, 897 F.3d 154, 160 n.4 (3d Cir. 2018) (citing McQuiggin, 569 U.S. at 392). It has said, however, that the movant's burden on any such claim "would necessarily be extraordinarily high." See Herrera, 506 U.S. at 416; see also Reeves, 897 F.3d at 160 n.4 (describing hypothetical freestanding actual-innocence claim as "more demanding" than that applied to gateway actual-innocence claims in procedural-default context). We have already concluded that Cormier's gateway actual-innocence claim fails; thus, any freestanding actual-innocence claim, even if cognizable, likewise is without merit.